## 64575. STATE OF GEORGIA v. 1977 PONTIAC.

DEEN, Presiding Judge.

On February 20, 1980, the state condemned a 1977 Pontiac automobile pursuant to Code Ann. § 79A-828 after the vehicle was seized in a drug raid. Notice of the condemnation was served upon the wife of Roy Marcus Dodd who was alleged to be the owner of the automobile. There is no transcript of the evidence in the record and the court found that on October 3, 1979, the City of Chamblee transferred title and possession of the vehicle to Peachtree Bank. Late in December, 1979, or early in January 1980, the vehicle was sold to James Gooch without execution of the proper paperwork, but with physical possession of the vehicle transferred to Gooch. Gooch, who is not a dealer, sold the Pontiac to Ridgeway by transferring physical possession in exchange for a down payment and an agreement to pay the balance in installments. Apparently, Gooch was to "hold" title until payment had been made in full. The offense which led to the confiscation of the vehicle occurred on January 30, 1980, and the condemnation action was filed and served on the suspect Dodd. No answer was ever filed by Dodd. On March 27, 1980, Gooch filed a certificate of title application and a certificate was issued in his name and showed Fulton National Bank/Bank of the South as lienholder. This vehicle was used as collateral for a loan made to Gooch on March 21, 1980.

The court noted that at the time of the transaction giving rise to the seizure of the vehicle, Gooch had not complied with Code Ann. § 68-415a (d) which provides that a transfer by an owner is not effective until the provisions of this section and 68-416a have been complied with and the transferee acquires no right, title or interest in the vehicle unless the certificate of title is transferred as required by law. (This provision makes an exception under section 68-416a and as between the parties.) The court further noted that Gooch acquired title on March 27, 1980, within the time during which an answer could be filed and he had not been served by publication, that Gooch did not have knowledge of the illegal activities in which the vehicle was being used, and that there is no evidence or contention of ruse or fraud by Gooch in obtaining title in order to defeat the condemnation. The court held that Gooch was the record title holder to the vehicle before final judgment of condemnation was passed and, as he had not been served personally or by publication, the order was not effective as to him. The court further held that title was never in any party who consented to nor was privy to the violation which gave rise to the seizure of the vehicle, that service was only perfected on a party who was not an "owner nor a person in charge" of the vehicle in

question and sustained Gooch's objection to the condemnation of the vehicle. The state appeals. *Held:*

We affirm the holding of the trial court. There is no transcript of this proceeding so we can only conclude that the trial court's findings of fact are correct. Gooch was the record title holder and there is nothing in the record to indicate that Ridgeway was in any way involved in using the vehicle to transport contraband even if he could be considered to be the equitable owner of the car. This court is totally in the dark as to how Dodd fits into the picture except that we must assume he was in possession or present in the vehicle at the time of the drug raid.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED SEPTEMBER 10, 1982.

*Rafe Banks III, District Attorney,* for appellant.
*John D. Varnell,* for appellee.